**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THOMAS F. ROSS, | ) |
| | ) |
|      **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 04-CV-750-TCK-SAJ |
| | ) |
| AEROTEK AVIATION, LLC, | ) |
| DUNCAN AVIATIONS, INC. | ) |
| L-3/BOMBARDIER, a corporation, | ) |
| | ) |
|      **Defendants.** | ) |

**ORDER**

Before the Court is Bombardier, Inc.'s Special Appearance and Motion to Dismiss (Docket No. 43), filed August 24, 2005. Bombardier, Inc. ("Bombardier Inc.") moves to dismiss claims asserted in this case against "L-3/Bombardier" because no such entity exists. Bombardier Inc.'s motion is made pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).

**Background**

On April 14, 2004, Plaintiff filed an Amended Complaint naming "Duncan Aviation, Inc." and "L-3/Bombardier, a corporation" as Defendants. On April 18, 2005, Plaintiff had a summons issued to the following company and address:

L-3/Bombardier (Bombardier Corporation)
c/o Secretary of State
2300 North Lincoln Boulevard, Suite 101
Oklahoma City, Oklahoma 73105

Bombardier, Inc. states that while it is unclear the exact route the Summons and Complaint took once they left the Oklahoma Secretary of State's office, copies of the Summons and Complaint were eventually delivered to Bombardier Inc. in Canada. According to Bombardier, Inc., the

following are three separate entities: "L-3", "Bombardier Inc.", and "Bombardier Corporation." Thus, there is no such entity as "L-3/Bombardier". Further, Bombardier Inc. is a different entity than Bombardier Corporation, which is parenthetically referenced in the Summons. Therefore, Defendant argues, Plaintiff has failed to name or serve the proper Defendant.

Plaintiff asserts that, in 2003, L-3 purchased Military Aviation Services from Bombardier, Inc. for $87.4 million and that L-3 was then commonly referred to as "L-3 Bombardier." Plaintiff has submitted a report letter from the U.S. Equal Employment Opportunity Commission regarding this case. The letter states that "Duncan Aviation and L3/Bombardier had the opportunity to assign and direct work." This sentence likely caused Plaintiff to name and serve "L-3/Bombardier" as a Defendant in this case.

## Discussion

As a general matter, an objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service, while a Rule 12(b)(5) motion concerns the mode of delivery or the lack of delivery of the summons and complaint. *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1353 (3d ed. 2004). However, when the alleged defect is that the defendant either is misnamed in the summons or has ceased to exist, "the form of the process could be challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the parties, or the motion under Rule 12(b)(5) . . . on the ground that the wrong party - that is, a party not named in the summons - has been served." *Id.* Courts that have dealt with this problem have treated a combination of the two motions as a proper procedure. *Id.* (citing cases).

The basic purpose of the federal rules is to administer justice through fair trials rather than through summary dismissals. *See Williams v. E.I. duPont de Nemours Co.*, 581 F. Supp. 791, 792 (M.D. Tenn. 1983). With respect to defects in the form of summons, dismissal under Rule 12(b)(4) is not proper unless the party can demonstrate actual prejudice. *Crane v. Battelle*, 127 F.R.D. 174, 177 (S.D. Calif. 1989). In the absence of prejudice, courts typically allow an amendment of the process to cure the defect. *Id.*; 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1353 (3d ed. 2004). Similarly, dismissal under Rule 12(b)(5) is "not justified where it appears that service can be properly made." *Plant Genetic Sys. v. CIBA Seeds*, 933 F. Supp. 519, 527 (M.D.N.C. 1996). In considering whether a party has complied with the requirements in Federal Rule of Civil Procedure 4 regarding whether the manner of service is proper, the court "may consider whether the plaintiff's error resulted from innocent mistake or inexcusable neglect." *Crane*, 127 F.R.D. at 178.

Here, there is a defect in the summons because the summons does not contain the name of any existing entity. There is also a defect in the manner of service because Plaintiff served the summons on an entity, Bombardier Inc., which is not named in the summons or the Complaint. Bombardier Inc. attempts to argue that it is not implicated in any way by the summons. However, this argument ignores that both names in the summons - "L-3/ Bombardier" and "Bombardier Corporation" - at least contain the name Bombardier. Thus, this is not a case in which a Plaintiff has served summons on a party that has no relation whatsoever to the entity Plaintiff attempted to name in the summons. At the same time, it is not a case where the correct party has received the summons, but the summons contains a mere technical error. *See, e.g., Desai v. Tire Kingdom, Inc.*,

3

944 F. Supp. 876, 878 (M.D. Fla. 1996) (summons contained name Tire Kingdom instead of Tire Kingdom, Inc.).

Bombardier Inc. relies exclusively on *Gonzalez v. Temple Mountain Ski Resort, Inc.*, 613 F. Supp. 354, 355 (D. Mass. 1985), as support for its conclusion that dismissal is warranted in this situation. In *Gonzalez*, the summons and complaint named Temple Mountain Ski Resort, Inc., an entity that never existed. When plaintiff attempted to correct service, he caused service of the complaint on the president of a company that was not named in the complaint, that being Temple Mountain Ski Area, Inc. Thus, "there was no proper service . . . on either Ski Area, whose president was served with a document not naming it as a party defendant, or on Ski Corp., which has not been served with or named in any process in this case." *Id.* Notably, the plaintiff in *Gonzalez* had already made one attempt to correct service. The court in *Gonzalez* did not discuss the issue of prejudice or whether service could be properly attained.

In this case, Defendant has made no attempt to show prejudice or to show that Plaintiff cannot obtain proper service on a Bombardier or L-3 entity. At the same time, this motion was filed in late August, and Plaintiff has apparently not attempted to obtain service on the proper entity or amend his complaint to reflect the proper entity. Discovery has proceeded in this case, and there is a discovery deadline of November 30, 2005.[1] Thus, while the initial mistake by Plaintiff (based on the EEOC letter) was made in good faith, the passage of time since the filing of this motion without correcting the mistake could be considered inexcusable neglect.

---

[1] On September 8, 2005, the Magistrate Judge granted Bombardier Inc. a protective order allowing Bombardier to take Plaintiff's deposition in the event this motion is denied.

In light of the Court's interest in fair trials over summary dismissals and the Court's interest in resolving all issues potentially raised by the litigation, the Court finds that the interests of justice are best served by allowing Plaintiff to amend his Complaint to reflect the proper "L3" or "Bombardier" entity that he wishes to sue and to effect proper service on such entity. However, due to the existing deadlines in this case and the fact that Plaintiff has been on notice of the defects in service since August, the Court orders as follows. If and to the extent Plaintiff wishes to pursue claims against an L3 or Bombardier entity, Plaintiff shall: (1) file a Second Amended Complaint naming the proper entity or entities no later than 3 days from the date of this Order; and (2) shall effect service upon such entity or entities no later than 7 days from the date of filing the Second Amended Complaint and shall file same with the Court.[2] If Plaintiff has not accomplished the above by the ordered dates, all claims currently asserted against "L-3/Bombardier" shall be dismissed without prejudice.

IT IS THEREFORE ORDERED that Bombardier Inc.'s Special Appearance and Motion to Dismiss (Docket No. 43) is hereby DENIED. Bombardier Inc.'s Application for Hearing (Docket No. 60) is hereby DENIED.

**ORDERED this <u>16th</u> day of NOVEMBER, 2005.**

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**

---

[2] If this occasions the need for an extension of the scheduling order, the parties may so move at the appropriate time.